TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
LUISA GOUGH, Assistant United States Attorney (#17221)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ZACHARY BASSETT and MASON WARR, <br><br> Defendants. | Case No. 2:23-CR-00039-HCN <br><br> OBJECTIONS TO DEFENDANTS' AUGMENTED UNANIMITY INSTRUCTION <br><br><br> Honorable Howard C. Nielson, Jr. |

The United States objects to the proposed augmented unanimity instruction (Instruction No. 29), both as to the wire fraud counts (Counts 2-14) and as to the fraudulent return counts (Counts 15-25). It misstates the law.

## LEGAL STANDARDS

The elements of an offense "must be found unanimously by the jury." *United States v. Kearn*, 863 F. 3d 1299, 1310 (10th Cir. 2017). "On the other hand, the jury need not agree unanimously on the means by which an element is proven." *Id.*[1] The Supreme Court has instructed, "We have never suggested . . . the jurors should be required to agree upon a single means of commission, any more

---

[1] *See Richardson v. United States*, 526 U.S. 813, 817 (1999) ("[The jury] need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible *means* the defendant used to commit an element of the crime."); *United States v. Sorenson*, 801 F. 3d 1217, 1237 (10th Cir. 2015) (district court erred in instructing the jury they needed to unanimously agree upon one or more listed means the defendant used to obstruct administration of revenue laws).

than the indictments were required to specify one alone. . . . [D]ifferent jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line." *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (internal quotation marks and citations omitted) *abrogated in part on other grounds by Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). A general unanimity instruction is ordinarily sufficient to ensure that the jury unanimously finds the elements of the offense have been met. *United States v. Phillips*, 869 F. 2d 1361, 1366 (10th Cir. 1998).

## ARGUMENT

### I.  Wire Fraud Does Not Require Unanimity as to which Statement Was False

Wire fraud does not punish or prohibit false statements. It prohibits and punishes wires in furtherance of a fraudulent scheme. All appellate courts that have addressed the issue in the context of wire fraud—or the similarly constructed bank fraud and mail fraud statutes—have found that a particular false statement is "properly characterized as a *means* of executing the scheme, rather than one of the necessary *elements* of the mail or wire offense that [] require unanimity."[2]

The Tenth Circuit has reached the same conclusion, albeit in the context of determining an alleged variance issue rather than an issue of jury instructions. In *United States v. Bailey*, 327 F. 3d 1131, 1143 (10th Cir. 2003), the government presented evidence the defendant made false promises to investors about how investment funds would be used, and then presented false quarterly statements to investors about how the funds were used. *Id.* at 1141. The defendant argued the introduction of the false quarterly statements at trial, which were not alleged in the indictment,

---

[2] *United States v. Daniel,* 749 F. 3d 608, 613-14 (7th Cir. 2009) *accord United States v. LaPlante*, 714 F. 3d 641, 647 (1st Cir. 2013); *United States v. Duruisseau*, 796 F. App'x 827, 837 (5th Cir.. 2019) (unpublished) (bank fraud); *United States v. Nanda*, 867 F. 3d 522, 529 (5th Cir. 2017) (jury need not be unanimous as to particular false statement within a given wire because the statute criminalizes each wire, not each false statement in the wire); *United States v. Freshour*, 1995 WL 496662, *8 (6th Cir. Aug. 17, 1995) (unpublished) (mail fraud jury need not be unanimous on which of multiple items on mailed remittances was false) *United States v. Rice*, 699 F. 3d 1043, 1048 (8th Cir. 2012) (jury in mail fraud case need not unanimously agree on "which particular misstatement or omission was used"); *United States v. Lyons*, 472 F. 3d 1055, 1068 (9th Cir. 2007) (in mail fraud jury need not be unanimous on the particular false promise); *United States v. Williams*, 785 F. App'x 692, 702 (11th Cir. 2019) (rejecting defendant's argument that bank fraud requires jury unanimity as to "which false representation constituted that element of the crime").

constituted a variance and deprived him of the right to a unanimous verdict. The Tenth Circuit observed that both were part of the same scheme to fraudulently use partnership funds for prohibited uses. Jury unanimity on which particular statements were false was not necessary. *Id.* at 1143.

Here, the proposed jury instructions describe the fraudulent scheme consistently with the indictment: a scheme to obtain money or benefits from the United States by "preparing and presenting to the IRS materially false or fraudulent forms 7200 and 941." The particular aspect in which those forms may have been false or fraudulent is merely a means, not an element creating distinct offenses. Jurors must agree the return was fraudulent, but need not agree on which aspect. The Defendant's augmented unanimity instruction would misstate the law and mislead the jury. In fact, a so-called "non-unanimity" instruction, informing the jury that they need not agree on which statements underlying the scheme were false, so long as they all agreed the scheme employed material false statements, would accurately state the law to the jury. *See United States v. Phelps*, 2021 WL 4315947, *5 (6th Cir. Sept. 23, 2021) (approving the use of a non-unanimity instruction on alleged conspiracy to commit wire fraud).

**Preparation of a Fraudulent Return Does Not Require Unanimity as to Which Material Matter Was False**

Similar to false statements related to wire fraud schemes, Section 7206 prohibits and punishes the preparation of a fraudulent return, not each false matter on the return. "That does not spell out a separate crime for each materially false fact within a return, nor do jurors have to agree on any single materially false fact; rather, different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line." *United States v. Newson*, 534 F. App'x 604, 605

(9th Cir. 2013) (unpublished).[3] (While the Tenth Circuit has not addressed the issue in context of Section 7206, the Tenth Circuit's reasoning in *Bailey* and *Sorenson*, discussed above, and the other appellate court's reasoning in wire and mail fraud cases, suggest the Tenth Circuit would agree with *Newson*.)

In fact, on a similarly constructed offense, *United States v. Schmeltz*, 667 F. 3d 685, 688 (6th Cir. 2011), the Sixth Circuit specifically approved a non-unanimity instruction. The Sixth Circuit noted the defendant was not charged with making a false *entry*, but with falsifying a *document*. The Sixth Circuit approved an instruction that the jury they did *not* need to agree about how the document was falsified:

> "In order to return a guilty verdict, all 12 of you must agree as to each count and each defendant that at least one way of violating the statute has been proved; however, all of you need not agree that the same way has been proved."

As in *Schmeltz*, each of counts 15-25 charges the Defendants not with making a false statements, but with preparing a false *document*. It would be more appropriate to instruct the jury they must agree the document is false in some material matter, but they need not agree that it was false in the same way. The Tenth Circuit's decision in *United States v. Kearn*, 863 F. 3d 1299, 1310 (10th Cir. 2017) also suggests that result. There, the defendant was accused of producing, distributing, or possessing "any visual depiction" of a minor engaged in sexually explicit conduct. The government presented evidence of multiple images allegedly depicting minors engaged in sexually explicit activity. The defendant argued on appeal that the court should have required that the jury unanimously agree on which particular image depicted minors engaged in sexually explicit activity. The Tenth Circuit rejected this argument, noting the statutes at issue could be satisfied by

---

[3] The Sixth Circuit came to a different conclusion in *United States v. Duncan*, 850 F. 2d 1104, 1111 (6th Cir. 1988). But its *Duncan* decision was overruled. *United States v. Schmeltz*, 667 F. 3d 685, 688 (6th Cir. 2011); *see also United States v. Newman*, 1993 WL 503078, *11 (6th Cir. Dec. 7, 1993) (*Duncan's* reasoning discredited by *Schad*).

"any visual depiction." Thus, the particular visual depiction was a mere means and not an element requiring unanimity.

So too here. The statute prohibits assisting in the preparation of a return that is false or fraudulent "as to any material matter." Thus, the particular material matter is merely a means of proving the return's falsity. It does not require jury unanimity.

*   *   *

For the foregoing reasons, the Court should not give the Defendant's proposed augmented unanimity instruction.

| | | |
|---|---|---|
| DATED: | Salt Lake City<br>August 8, 2024 | Respectfully submitted,<br><br>TRINA A. HIGGINS<br>United States Attorney<br><br>By: */s/ Carl D. LeSueur*<br>CARL D. LESUEUR<br>LUISA GOUGH<br>Assistant United States Attorneys |