TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
LUISA GOUGH, Assistant United States Attorney (#17221)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ZACHARY BASSETT and MASON WARR, <br><br> Defendants. | Case No. 2:23-CR-00039-HCN <br><br> OBJECTION TO DEFENDANTS' PROPOSED SPECIAL FINDINGS ON VERDICT FORM <br><br><br> Honorable Howard C. Nielson, Jr. |

The United States objects to the proposed special findings reflected in bold on the verdict form. The special findings require the jury to enter unanimous findings on which particular false statements were made in specific wire transmissions or in fraudulently prepared returns.

As set forth in the United States' objection to the augmented unanimity instruction (filed contemporaneously and incorporated herein by reference), the law does not require the jury to make such findings in order to convict. *See, e.g., United States v. Bailey*, 327 F. 3d 1131, 1143 (10th Cir. 2003); *United States v. Newson*, 534 F. App'x 604, 605 (9th Cir. 2013) (unpublished). Nor are the alleged misstatements so unrelated to one another or inconsistent with one another as to present danger of an inconsistent verdict. In any event, to the extent that specific unanimity were required, an instruction would suffice without a special verdict form. *See, e.g. United States v. Saunders*, 501 F. 3d 384, 394 (4th Cir. 2007) (general verdict form is sufficient where jury received specific unanimity

instruction); *United States v. Russell*, 134 F. 3d 171, 177 n. 2 (3d Cir. 1998) (district court need not provide a special verdict form in addition to a specific unanimity instruction). Jurors are presumably able to follow instructions, and special verdict forms are disfavored in criminal cases. *See McClinton v. United States*, 600 U.S. ___, 143 S. Ct. 2400, 2406 (2023) (J. Sotomayor, concurring). It infringes on the free deliberations of juries and their powers to arrive at a verdict without having to disclose its reasons. *United States v. O'Looney*, 544 F. 2d 385, 392 (9th Cir. 1976).

Accordingly, the United States objects to the Defendant's proposed special interrogatories on the verdict form.

DATED:   Salt Lake City                                  Respectfully submitted,
         August 8, 2024

                                                         TRINA A. HIGGINS
                                                         United States Attorney

                                                         By: */s/ Carl D. LeSueur*
                                                         CARL D. LESUEUR
                                                         LUISA GOUGH
                                                         Assistant United States Attorneys