Trinity Jordan (15875)
Aaron B. Clark (15404)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
Email:  trinity.jordan@dentons.com
    aaron.clark@dentons.com

*Attorneys for Defendant, Mason Warr*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MASON WARR,<br><br>Defendants. | **MASON WARR'S OBJECTIONS TO GOVERNMENT PROPOSED JURY INSTRUCTIONS**<br><br>Case No. 2:23-cr-00039<br><br>Judge Howard C. Nielson, Jr. |

Mr. Warr objects to the Government's proposed instructions on deliberate ignorance (Instruction No. 22) and agency theory of liability (Instruction No. 28). The deliberate ignorance instruction is rare and requires a predicate set of facts to properly invoke, while the Government's proposed agency instruction fails to include necessary language on a defendant's *mens rea* and risks confusing the jury.

Deliberate Ignorance

Proposed instruction 22 would instruct jurors that they could infer knowledge "if the defendants deliberately blinded themselves to the existence of a fact." Or, in other words, "if the

defendants were aware of the high probability of the existence of a fact, unless the defendant did not actually believe such fact."

The Tenth Circuit generally discourages this instruction, though it may be given "when the government presents evidence that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of prosecution."[1] And even when it is given, it "should not be given without language limiting it to a specific count or counts, unless the elements of the offense and the evidence support its application to all counts."[2]

Mr. Warr does not believe the facts and circumstances set forth at trial will warrant this instruction. Until such time as the Government presents evidence that he purposely contrived to avoid learning facts in order to have a defense against the criminal charges alleged by the Government, he objects to the inclusion of this instruction.

Agent of the Defendant

Mr. Warr does not object to the general rule set forth in instruction 28 that "whatever any person is legally capable of doing himself, he can do through another acting as his agent." As written, however, Mr. Warr objects to the instruction because it dilutes the *mens rea* requirements of the charged offenses.

Specifically, the instruction states that "if the acts or conduct of another is *deliberately* ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally

---

[1] *United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000) (internal quotation marks omitted); *see also United States v. McConnel*, 464 F.3d 1152, 1159 (10th Cir. 2006) (deliberate ignorance instruction only appropriate in rare circumstances).
[2] *McConnel* 464 F.3d at 1159.

done by him." (emphasis added). As written, this instruction is likely to confuse the jury into convicting a defendant if they find the Forms 7200 or 941 contained false information, and the defendants directed, authorized, or consented to others filing them. This is problematic because it does not take into account whether the defendants did so "with the specific intent to defraud" (Counts 2-14) or "kn[owing] the statement(s) in the Forms 941 were false" and "willfully, that is, with the voluntary intent to violate a known legal duty" (Counts 15-25).

Because this is likely to confuse the jury and risks convicting Mr. Warr for the actions of agents that were not directed, authorized, or consented to with the requisite criminal intent, the Court should decline to give this instruction.

DATED: August 9, 2024.

**DENTONS DURHAM JONES PINEGAR**

/s/ *Aaron B. Clark*
Trinity Jordan
Aaron B. Clark

*Attorney for Defendant, Mason Warr*