TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
LUISA GOUGH, Assistant United States Attorney (#17221)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ZACHARY BASSETT and MASON WARR, <br><br> Defendants. | Case No. 2:23-CR-00039-HCN <br><br> UNTIED STATES' RESPONSE TO DEFENDANT'S JURY INSTRUCTION OBJECTIONS <br><br><br> Honorable Howard C. Nielson, Jr. |

The Defendant Mason Warr's objections to the United States' proposed jury instructions regarding knowledge and agency are unfounded.

**The Tenth Circuit Pattern "Knowingly" Is Appropriate Because Defendants Contrived to Avoid Learning Truth of their Fraudulent Claims**

The defendant objects to the Tenth Circuit pattern instruction on the definition of knowledge or knowingly. The defendant argues the instruction is "rarely appropriate." Regardless, where, as here, evidence shows a defendant contrived to avoid learning the truth, the Tenth Circuit supports giving the instruction.

In both cases Defendant relies upon, the Tenth Circuit sustained the use of the instruction. *United States v. McConnel*, 464 F. 3d 1152, 1160 (10th Cir. 2006) (approving instruction as to counts with knowledge element); *United States v. Delreal-Ordenes*, 213 F. 3d 1263, 1269 (10th Cir. 2000). In one

of the cases, the Tenth Circuit appears to disapprove of appellants' reliance on the "rarely appropriate" language. *See United States v. Delreal-Ordenes*, 213 F. 3d 1263, 1268 (10th Cir. 2000) (citing observation that, because propriety of the instruction depends upon the specific facts of the case, "little purpose is served by saying it is 'rarely appropriate'"). Instead, "like all jury instructions,"[1] the instruction is appropriate only where trial evidence supports it. A deliberate avoidance instruction is supported by evidence the defendant purposely contrived to avoid avoided learning the truth. *United States v. Sorenson,* 801 F. 3d 1217, 1233 (10th Cir. 2015). It is appropriate even if the evidence *also* supports either actual knowledge or an inference the defendant did not deliberately avoid learning the truth. *United States v. Arbizo*, 833 F. 2d 244, 249 (10th Cir. 1987) (evidence supported actual knowledge and deliberate avoidance); *United States v. Custodio*, 39 F. 3d 1121, 1125 (10th Cir. 1994) (evidence supported inference that defendant deliberately avoided learning the truth and also an inference that he did not).

Here, knowledge is an element of each of the offenses charged in Counts 1-25. And, the anticipated evidence will show the defendants avoided learning the true facts in order to make false claims and deny knowledge to the authorities. Among other things, the evidence will show Defendants trained and directed their employees to fill out tax forms for clients to maximize their anticipated credit without asking for any of the relevant facts, asking instead only their marital status and number of children. Their promises to obtain these credits were the primary driver of their business at the time. They filed millions in claims. After the IRS paid a visit to their company and challenged their practices, the Defendants observed to their employees that "intent is two-thirds of the law" and continued to direct the employees not to ask clients for the relevant factual information. When certain clients did not receive the anticipated tax credits or, worse, became the

---

[1] *United States v. Whittington*, 26 F. 3d 456, 463 (4th Cir. 1994) ("A deliberate avoidance instruction, like all jury instructions, is proper only if there is a foundation in the evidence to support [a finding of deliberate avoidance]." (internal quotation marks and citations omitted)).

subject of an IRS audit, the Defendants told the clients that the clients alone were responsible for providing accurate information, and the Defendants could not be responsible if the clients did not provide accurate information.

### **The Agency Instruction's "Deliberately" Language Limits, Not Expands, Defendants' Criminal Liability**

The defendant next objects to that part of the agency liability instruction that instructs that a person is liable for acts or conduct of another if that person *deliberately* authorized that conduct.[2] The defendant argues the *deliberately* language will confuse the jury on the necessary criminal intent. Not so. First, the instructions should be considered in their entirety, just as they will be read to the jury. *Custodio*, 39 F. 3d at 1124 (instructions should be reviewed in light of the instructions as a whole). The instructions on the charged counts clearly establish both (1) the requisite intent and (2) the essential acts constituting each offense. The agency instruction explicitly addresses only the latter ("the acts or conduct of another") and does not alter the former. *See, e.g., United States v. Bedford*, 536 F. 3d 1148, 1154 (10th Cir. 2008) (agency instruction's use of *deliberately* did not impermissibly alter the criminal mens rea, where the jury was also instructed that the elements of the offense required that the defendant *willfully* join the conspiracy).

Second, and perhaps more important, the particular language objected to—that the defendant must "*deliberately*" authorize an agent's acts—is to the defendants' benefit. It enables a defendant to present not only a "rogue employee" defense, but also an imperfect "rogue employee" defense. *See, e.g., United States v. Townsend*, 796 F. 2d 158, 163 (6th Cir. 1986) (agency instruction's use of "willfully" ordered or directed was sufficient to satisfy defendant's request for instruction he was

---

[2] The agency instruction is necessary to aid the jury where, as here, the criminal acts were allegedly directed by the defendants, but carried out by employees, witting (coconspirators) or unwitting (agents). The jury must understand the extent and limits of defendants' responsibility for their agents' actions. If both defendants wish the word "deliberately" be removed, the United States has no objection. But so long as one of the defendants wishes its inclusion, it causes no prejudice to the other.

not responsible for corporation's actions through those not acting at defendant's direction or with his authorization). That is, the defendant can argue not only that an employee acted without defendant's authority, but also that the defendant gave authority to act, but did not anticipate or intend the agent would use that authority to commit the prohibited act. To wit, he did not *deliberately* authorize the prohibited act. At least one, if not both, of the defendants in this case wishes to present a "rogue employee" defense.

\*     \*     \*

For the foregoing reasons, provided the evidence is as all parties anticipate, the Court should give both the proposed instructions.

DATED:   Salt Lake City
         August 12, 2024

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney

By: */s/ Carl D. LeSueur*
CARL D. LESUEUR
LUISA GOUGH
Assistant United States Attorneys