Trinity Jordan (15875)
Aaron B. Clark (15404)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
Email:  trinity.jordan@dentons.com
             aaron.clark@dentons.com

*Attorneys for Defendant, Mason Warr*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY BASSETT and MASON WARR,<br><br>Defendants. | **DEFENDANT MASON WARR'S OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE TO EXCLUDE MARK KOHLER TESTIMONY, ARTICLE, AND VIDEOS**<br><br>Case No. 2:23-cr-00039<br><br>Judge Howard C. Nielson, Jr. |

At trial, Defendant Mason Warr ("Mr. Warr") expects the evidence will show that Grant Walker – the government witness who devised and implemented COS Accounting's Covid-relief tax strategies – consulted with Mark Kohler, viewed (and participated in) Kohler's training videos on Covid-relief tax strategies, and disseminated and cited to co-workers and clients Kohler's entrepreneur.com article (among other things) to justify COS Accounting's approach in claiming Covid-relief tax credits for clients. Largely spurred by Walker, Kohler's advice and aggressive approach was part of milieu of COS Accounting's Covid Relief Department, and his testimony, article, and videos are therefore relevant: they provide context for Mr. Warr's (and other COS Accounting employees') understanding of relevant tax laws, as well as the central issue of Mr.

SL_6931596.1

Warr's intent with respect to the acts alleged in the Indictment.[1] The government's objections to this evidence are unavailing, and Kohler's testimony, article, and videos should all be admitted.

## ARGUMENT

<u>Kohler's Testimony, Article, and Videos Are Relevant and Admissible</u>

As the Court is well aware, "[e]vidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Parson*, 84 F.4th 930, 938 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1125 (2024) ("The relevancy standard . . . 'is a liberal one.'") (citation omitted).

According to the discovery provided in this case, Grant Walker was a former employee and partner with COS Accounting. Shortly after he began working for COS Accounting, he devised the idea of a "Covid Department." Walker claimed he had watched tax strategy videos of Mark Kohler and reached out to Kohler personally.[2] At least according to the discovery, Walker claimed Kohler had not known about the Employee Retention Credit (ERC) until Walker alerted him to it. And supposedly a few days after Walker spoke with Kohler, Kohler published an article in Entrpreneur.com (Mr. Warr's Exhibit A)[3] discussing the ERC, among other Covid-relief tax strategies.

---

[1]   The government suggests that these will likely be offered to "negate Defendants' criminal intent," though it should remain clear that it is entirely the government's burden to prove criminal intent. It is not Defendants' burden to "negate" it.

[2]   In fact, in the video that is Mr. Warr's Exhibit D (Kohler's April 23, 2020, video "Round 2 of the Stimulus Act: What are my options?"), Kohler answers on-air a question that appears to have come from Walker.

[3]   The government complains that Mr. Warr's Exhibit A "does not appear to even be the article [Walker] read at the time. It appears to be a July 17, 2024, download from the internet and its preface states it has been altered." Gov. Motion at 3. The evidence at trial will show that the background coding on the article, however, indicates that it was published on April 3, 2020, and

Walker shared this article and other Kohler publications with clients and other employees at COS Accounting to justify COS Accounting's approach to claiming Covid-relief credits. And in subsequent videos and other recordings, the language used by COS Accounting's employees (including Walker, Mr. Warr, and others) appears to closely mirror Kohler's language and approach in his videos.

### Walker's Testimony Re Kohler Is Not Sufficient

In objecting to Kohler's testimony and publications, the government argues that Walker's testimony alone should be sufficient on these matters – "What is relevant is what [Walker] told [the defendants], whether relaying something he learned from Kohler or otherwise."[4] This argument, however, ignores that there may well be issues with Walker's credibility. He is, after all, a cooperating witness who has pled guilty to (reduced) charges related to this case, and he claims to have had personal contact with Kohler on several occasions. Kohler's testimony, article, and videos, therefore, should serve as an important measure of Walker's credibility, if nothing else.

The government's argument also ignores that Walker also shared these Kohler publications with the defendants and other COS Accounting employees and clients. What Walker relayed about Kohler, therefore, is not the only source of relevant evidence on Kohler's influence on COS Accounting's tax strategies and Mr. Warr's intent.

---

later modified on April 16, 2020. Any issues with this modification should therefore go to the weight of this piece of evidence, not its admissibility.
[4]     Gov. Motion at 3.

3

<u>The Jury Will Not See "Hours" of Kohler Videos</u>

The government next claims that playing "hours" of Kohler's videos would "waste jurors' time and confuse the issues."[5] Mr. Warr, however, has no interest in playing the full videos or offering anything irrelevant to the issues in this trial. At present, Mr. Warr has identified roughly 18 minutes of clips from these videos, which clips concern strategies related to using S-Corporations for sole proprietors, claiming ERC, sick leave, and family leave tax credits, as well as putting one's spouse and children on payroll to qualify for these credits. All of these relate directly to allegations against Mr. Warr and others in the Indictment. Far from wasting jurors' time, these 18 minutes of clips from the April 2020 videos provide important evidence of Mr. Warr's and other's understanding of this area of the tax code and lack of criminal intent in this case.

<u>There is No Risk of Considering This Evidence for a "different, improper purpose"</u>

Finally, the government complains that Kohler's testimony and publications may be considered for an improper purpose – "for his opinions and conclusions about the law" – without having been noticed as an expert.[6] This is not the case.

---

[5]   Gov. Motion at 4.

[6]   Gov. Motion at 4. To support its position, the government cites *United States v. Alexander*, 849 F.2d 1293, 1302–03 (10th Cir. 1988). But *Alexander* actually helps articulate the relevance of the evidence here. In that case, the defendant sought to admit a settlement agreement entered in 1984 as evidence of his mental state when he allegedly committed mail fraud. The problem was that the defendant was charged with a scheme that took place between March and November of 1982. *See id.* at 1301. On appeal, the court agreed with the district court on its primary basis for exclusion: "Nothing about the 1984 settlement could retroactively demonstrate Alexander's state of mind and intent in 1982." *Id.* Here, Kohler's article and videos were published in April 2020 – at approximately the same time as the outset of the government's alleged conspiracy. And since Kohler's publications and strategies were shared amongst COS Accounting employees and with

Mr. Warr is <u>not</u> offering Kohler's testimony, article, and videos as unnoticed expert testimony. Rather, he offers them because Kohler's advice on Covid-related tax strategies — whether ultimately sound or not – was a driving force in the culture of COS Accounting's Covid Department, since Kohler's publications and advice were cited to and shared broadly amongst COS Accounting employees and with clients. Jurors will further note striking similarities between the language Kohler uses in these videos and the language the defendants use in their videos (that the government has identified on its exhibit list) on the very same subject matter. As such, Kohler's testimony, article, and videos have a direct bearing on whether someone like Mr. Warr knew that any part of COS Accounting's approach was unlawful. They are therefore relevant to Mr. Warr's defense, and there are no legitimate grounds for excluding them.

## CONCLUSION

Based on the foregoing, the Court should deny the United States' Motion and admit Mark Kohler's testimony, article, and videos into evidence.

DATED: August 15, 2024.

**DENTONS DURHAM JONES PINEGAR**

/s/ *Aaron B. Clark*
Trinity Jordan
Aaron B. Clark

*Attorney for Defendant, Mason Warr*

---

clients, these materials are highly relevant to Mr. Warr's state of mind during this relevant time period.

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024, a true and correct copy of the foregoing was served via the Court's Electronic Filing System to all counsel of record.

/s/ *Shelby Irvin*