TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
LUISA GOUGH, Assistant United States Attorney (#17221)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:23-CR-00039-HCN |
| vs. | REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE TO EXCLUDE MARK KOHLER TESTIMONY, ARTICLE, AND VIDEOS |
| ZACHARY BASSETT and MASON WARR, | |
| Defendants. | District Judge Howard C. Nielson, Jr. |

The Defendant failed to establish any material probative value of the Mark Kohler's testimony, article (Def. Ex. 1), and videos (Def. Exs. 2 and 3).

As for Mr. Kohler's testimony, the Defendant fails to proffer the nature or scope of Mr. Kohler's testimony at all, no less any theory of relevance. Thus, it should be excluded.

As for Mr. Kohler's article and videos, the Defendant presents three equally unavailing theories of relevance: business milieu, witness credibility, and similarity.

1

The Defendant first argues the ideas in Def. Exhibits 1 through 3 suffused their business's "milieu" and informed the basis of their COVID business strategy including their own videos.[1] Defendant implies that is relevant to their intent in developing their business strategy.

But, when offered for this purpose, these exhibits are not probative. They will simply mislead the jury. *Cf.* Fed. R. Evid. Rule 403. Nothing on the face of Def. Exhibits 1, 2 or 3 will disclose to the jury that they were in fact published only *after*[2] Defendants developed their own COVID strategy, recorded their own videos, began marketing that strategy, and began submitting filings claiming wages were paid that were not actually paid. Exs. 130-135. In other words, the relevance of these exhibits turns on the premise that "Kohler's advice on COVID-related tax strategies . . . was a driving force on COS Accounting's Covid Department." Def. Opp. Mem. at p. 5. The article and videos did not, however, yet exist when Warr, Walker, and Bassett developed their strategy for the COVID Department. Because the factual premise of relevance is demonstrably false, they

---

[1] Of 93,934 COS Accounting emails produced in discovery, the government has found just one email mentioning one of these videos, and no other emails discussing the videos or providing the links. The one email is an email from a client to Walker indicating the client was watching Kohler's April 23 video as it was livestreaming. COM-COS-01-007199.

[2] Def. Ex. 1 is an article reflecting ERC information that was added on April 16, 2020. Def. Opp. Mem. at p. 2 n. 3; Ex. 137 (April 16, 2020 email quoting "Mark Kohler's blog this morning"). This was after their initial marketing had already generated a "massive amount of demand." EML-GOO-01-0029493. Def. Exhibits. 2 and 3 were respectively published April 13 and 23, 2020.  Ex. A to this motion; Def. Opp. Mem. at p. 2 n.2.

should be excluded. Fed. R. Evid. 104(b) (where relevance depends upon a fact, proof must be introduced to support that fact).

Next, Defendant argues the article and videos are relevant to challenge Mr. Walker's credibility. This argument is largely conclusory. The United States does not dispute that every witness's credibility is relevant. But how do *Kohler's* articles and videos in Exhibit 1 through 3 serve as a measure of *Walker*'s credibility? Defendant offers no explanation.[3]

Finally, Defendant argues the article and videos are relevant because COS Accounting employees used language similar to Kohler's language in the article and on the videos. Therefore, Defendant argues, he should be allowed to present Kohler's statements themselves for their impact on Defendant's state of mind. Nonsense. Defendant's state of mind is affected by what he personally heard and observed. This may include any of Kohler's statements that were relayed to him. The United States has no objection to such evidence. But his state of mind was not affected by Kohler's statements that he never heard directly or indirectly. Absent testimony that Warr read

---

[3] Walker has never stated, and is not expected to testify, that his ERC program proposal to Defendants was based on the particular videos in Def. Exs. 2 and 3. Kohler has a long history of posting tax tutorials going back at least six years, which were online at the time Walker proposed the ERC program to Defendants. *See, e.g.,* Mark J. Kohler, "Putting Your Spouse on Payroll – a Good Idea?" *available online at* https://www.youtube.com/watch?v=T7oVjgQZewk *(published Mar. 12, 2018).*

the article or watched the video, their contents are simply not probative of his state of mind.

This paucity of probative value is outweighed by the significant danger these exhibits pose of misleading the jury, confusing the issues, and causing unfair prejudice. In particular, the jury will likely perceive this evidence to be presented as expert opinion evidence or evidence of reliance on advice-of-counsel. But, as noted in the initial motion, Kohler is not properly noticed and his legal opinions are inadmissible. Plus, the Defendant cannot invoke advice-of-counsel. While the trial evidence will indicate Mr. Kohler is an attorney, Defendant does not claim he ever retained Mr. Kohler, ever disclosed to him that COS Accounting would claim wages were paid that were not, and never sought or received his advice that doing so was legal. *Cf. United States v. Wenger*, 427 F. 3d 840, 853 (10th Cir. 2005) (setting forth elements of advice-of-counsel defense); *see also United States v. Kaneshiro*, 2024 WL 1183124, *5 (D. Hawaii Mar. 19, 2024) (unpublished) (precluding trial evidence of advice-of-counsel where defendant could not proffer evidence to meet elements of an advice-of-counsel defense). There is some evidence that Bassett and Walker felt their views on whether S-Corporations were eligible for ERC was vindicated by Kohler's view on the matter. But that is not the issue being presented to the jury. The issue is whether it was fraudulent to report wages paid that were never paid. Presenting evidence about S-Corporation eligibility confuses the issues.

For the foregoing reasons, Defense Exhibits 1, 2, and 3 should be excluded.

DATED this 21st day of August, 2024.

                                        Respectfully submitted,

                                        TRINA A. HIGGINS
                                        United States Attorney

                               By: */s/ Carl D. LeSueur*
                                        Carl D. LeSueur
                                        Luisa Gough
                                        Assistant United States Attorneys