TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
LUISA GOUGH, Assistant United States Attorney (#17221)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ZACHARY BASSETT and MASON WARR, <br><br> Defendants. | Case No. 2:23-CR-00039-HCN <br><br> OPPOSITION TO DEFENDANT BASSETT'S SECOND MOTION IN LIMINE <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

The Defendants, owners of a tax preparation firm that filed false tax returns, intend to argue that they did not have fraudulent intent. Instead, they will argue they relied in good faith on the advice of their college intern or, alternatively, on things they learned from a podcaster. Their motion [Doc. No. 108] now seeks to exclude Exhibit 147, which presents evidence that Defendant Bassett received tax professional opinions contrary to their practices, whether or not the result of their college intern's advice. Bassett's receipt of this email, near the outset of his Employee Retention Credit program is highly probative of whether they relied in good faith on the college intern.

The Evidence Is Relevant. Defendant argues this evidence is entirely irrelevant under Rule 401, because it was offered in the context of PPP loan practices. But the email addresses a practice Bassett promoted in seeking the ERC. That is, the practice of "issuing yourself a larger wage" in

a quarter than you earned in profit, "just to qualify for more" of a government benefit. It would not be difficult for Bassett to see, while his ERC program was in its infancy, that this applied equally to the ERC as it did to PPP. Multiple witnesses will testify this was part of Defendant Bassett's practices, after receiving this April 15, 2020 email. The email in Exhibit 147 warns, "Especially . . . due to the nature of summer sales pay. . . You can't do changes like these if you are doing it just to qualify for this program. . . . [T]his could result in large civil and financial penalties for you in the future." That Defendant Bassett received this warning from his brother's tax preparation firm tends to show that Defendant Bassett knew this practice was not okay, despite anything his college intern may have told him.

The Evidence Is Presented for a Non-Hearsay Purpose. Defendant next argues that this email is hearsay. Not so. The email is presented for its effect on the Defendant's state of mind. "A statement is not hearsay if it is offered to prove knowledge, or show the effect on the listener or listener's state of mind." *See United States v. Guerrero-Damain*, 241 Fed. App'x 171, 173 (4th Cir. 2007) (unpublished); *Jones v. McHugh*, 604 Fed. App'x 669, 672 n. 2 (10th Cir. 2015) (evidence of what someone told officer the rules required was probative of the officer's relevant state of mind, what the officer thought the words required, and was not hearsay when offered for that purpose); *United States v. Seko*, 2017 WL 1318008, *2 (E.D. Va. April 10, 2017) (permitting introduction, for its effect on defendant, evidence of postal instructor's statement to defendant cautioning her against mailing solicitations for a company involved in fraud). If the jury ignores or even rejects the truth of any opinion in the email, the email still shows the jury that Bassett persisted in doing an act after he was told it was fraudulent. That is probative of his intent. The jury can decide independently whether the act was, in fact, dishonest, and will have a sufficient independent evidentiary basis to do so.

In oral argument, Defendant Warr suggested the opinion constituted double hearsay. Again, not so. Neither the client's message claiming the accounting firm sent the message below, nor the message below are submitted for the truth of the matter. Both are submitted solely for the effect on the listener, Defendant Bassett.

<u>Not Offered as Opinion Testimony.</u>  The Defendant next argues the email is precluded by Rules 701 and 702. But those rules apply to witness opinion testimony. *Cf.* Fed. R. Evid. Rules 701 and 702. This document is not testimony and is not offered for the jury to rely upon the truth or accuracy of any opinions it contains. It is offered as evidence of Bassett's state of mind. An instruction can limit the jury to, * consider the evidence for its proper purposes.  Fed. R. Evid. R. 105; *see United States v. Powell*, 164 Fed. App'x 720, 724 (10th Cir. Jan. 24, 2006) (unpublished) (no error in admitting out-of-court statement when it is not offered for the truth of the matter asserted and is accompanied by a limiting instruction to that effect).

<u>Confrontation Clause Does Not Apply to Statements that Are Not Testimonial or that Are Not Presented for the Truth of the Matter.</u>  The Defendant finally argues admission of the out-of-court statements implicates the Confrontation Clause. Not so. Nontestimonial statements (statements not made under oath or in a formal setting, such as a law enforcement interview) do not implicate the Confrontation Clause.  *United States v. Davis*, 547 U.S. 813, 826 (2006) (the Confrontation Clause applies only to testimonial statements).

<u>The Good Faith Defense In This Case Opens the Door.</u>  Even if the evidence were inadmissible under one of the Defendant's kitchen sink arguments, it would still be admissible if the defendant opens the door to the topic of his good faith reliance on other people's opinions. This "operates as a limited waiver allowing the government to introduce further evidence on that same topic." *United States v. Lopez-Medina*, 596 F. 3d 716, 731 (10th Cir. 2010). Even addressing

a subject in opening statement opens the door to government's presentation of evidence on that topic. *Id.*

Here, the Defendants are squarely going to place at issue their good faith reliance on others' opinions. To allow them to introduce and comment on opinions favorable to their practice, while excluding evidence that they received unfavorable comments and opinions suggesting they were engaged in duplicitous practices, would make a dishonest record. The Defendant's objections to Exhibit 147 would apply with equal force to any Mark Kohler article or video they read or watched.[1]

If the Defendants, however, are permitted to introduce evidence they were exposed to opinions that their operations were legal, the United States should likewise be permitted to meet the Defendants' evidence and arguments. Specifically, to introduce evidence the Defendants were exposed to contrary opinions that their operations were illegal and dishonest.

<u>The Court Can Give an Appropriate Limiting Instruction, if the Defendants Desire</u>. If either Defendant so desires, the jury can receive a limiting instruction, under Rule 105 as follows, "[During the trial you have heard] [You have just heard] evidence that [one] [both] of the Defendants was told in a communication that certain acts were dishonest or illegal. That

---

[1] The Kohler-related evidence is not relevant to an advice of counsel claim, which requires evidence of "(1) a request for advice of counsel on the legality of a proposed action (2) full disclosure of the relevant facts to counsel, (3) receipt of advice from counsel that the action to be taken will be legal, and (4) reliance in good faith on counsel's advice." *United States v. Wenger*, 427 F, 3d 840, 853 (10th Cir. 2005). Defendants have proffered no evidence they ever requested Mr. Kohler's advice, ever disclosed to him the details of their operations, received advice that their operations will be legal. Therefore, they cannot present evidence of good faith reliance on counsel's advice. Instead, they intend to introduce Kohler simply to introduce confusion and suggest reliance on Kohler. *See, e.g., United States v. Runner*, 2023 WL 3727532, *8 (E.D.N.Y. May 30, 2023); *S.E.C. v. Lek Sec. Corp.*, 2019 WL 5703944 (S.D.N.Y. Nv. 5, 2019) (precluding defendants from relying on another's counsel to establish good faith where they did not personally receive the advice and did not confer with counsel).

communication is not presented to prove that the acts were in fact dishonest or illegal, but for the communication's effect on any Defendant who received it. You must consider it only for that purpose." The instruction can be given when the evidence is received and in the jury instructions.

    Respectfully submitted,

    TRINA A. HIGGINS
    United States Attorney

By: */s/ Carl D. LeSueur*
    Carl D. LeSueur
    Luisa Gough
    Assistant United States Attorneys